No. 01-14-00969-CV

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
2/25/2015 1:30:37 PM
CHRISTOPHER A. PRINE
Clerk

IN THE FIRST COURT OF APPEALS
AT HOUSTON, TEXAS

BRYAN BLACK,

Appellant

v.

SMITH PROTECTIVE SERVICES, INC.,

Appellee

On Appeal from the 189th Judicial District Court
The Honorable William R. Burke, Judge Presiding

**APPENDIX TO CROSS-APPELLANT'S BRIEF**

TODD H. TINKER
State Bar No. 20056150
TinkerLaw@TinkerLaw.com
LAW OFFICE OF TODD H. TINKER, PC
P.O. Box 802606
Dallas, TX 75380
Telephone: (214) 914-3760
Facsimile: (214) 853-4328

ATTORNEY FOR APPELLEE

**TABLE OF CONTENTS**

TABLE OF CONTENTS.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

APPENDIX A - Interlocutory Summary Judgment.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

APPENDIX B - Motion for Attorney's Fee Award.. . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

APPENDIX C - Plaintiff's Response to Motion for Attorney's Fee Award. . . . . . . . . . 12

APPENDIX D - Reply to Plaintiff's Response to Motion for Attorney's Fee Award. . 20

APPENDIX E - Order Denying Motion for Attorney's Fees. . . . . . . . . . . . . . . . . . . . . . 23

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Cause No. 2012-56941

| | | |
|---|---|---|
| BRYAN BLACK,<br>Plaintiff, | § | IN THE DISTRICT COURT |
| v. | § | |
| | | 189th JUDICIAL DISTRICT |
| MUHAMMAD ZAFFAR and SMITH<br>PROTECTIVE SERVICES, INC.<br>Defendants. | §<br><br>§ | HARRIS COUNTY, TEXAS |

## INTERLOCUTORY SUMMARY JUDGMENT

CAME BEFORE THE COURT FOR CONSIDERATION the Motions for Traditional and No-Evidence Partial Summary Judgment (the "Motions"), filed by defendant Smith Protective Services, Inc. ("Smith").

The Court, having reviewed the Motions, any responses thereto, the pleadings and papers on file, and having heard arguments of counsel, finds that there are no genuine issues of material fact regarding plaintiff's inability to establish at least one element in each of the claims he asserts against Smith. Accordingly, the Motions are well-taken and should be, and are hereby GRANTED.

IT IS ACCORDINGLY, ORDERED, ADJUDGED, AND DECREED that plaintiff take nothing by his claims against defendant Smith and that all of plaintiff's claims against Defendant Smith are hereby DISMISSED, with prejudice to the re-filing of same.

All relief not specifically granted is hereby DENIED.

Signed this 20 day of August, 2014.

_____
Honorable William R. Burke, Jr.
Presiding Judge

INTERLOCUTORY SUMMARY JUDGMENT                                        page SOLO

**1**                                        **Appendix A** 621

Cause No. 2012-56941

| | | |
|---|---|---|
| BRYAN BLACK, | § | IN THE DISTRICT COURT |
|     Plaintiff, | | |
| v. | § | |
| | | 189th JUDICIAL DISTRICT |
| MUHAMMAD ZAFFAR and SMITH | § | |
| PROTECTIVE SERVICES, INC. | | |
|     Defendants. | § | HARRIS COUNTY, TEXAS |

## MOTION FOR ATTORNEY FEES AWARD

Defendant Smith Protective Services, Inc. ("Smith") files this Motion for Attorney Fees Award (the "Motion") and shows as follows:

### Certificate of Conference

The undersigned certifies that agreement was sought from plaintiff to the relief requested herein. Agreement was not reached so this Motion is submitted for the Court's consideration.

### Evidence in Support of Motion

1.     In support of this Motion, Smith refers to the Court to the following documents attached to the Declaration of Todd H. Tinker in Support of Motion for Attorney Fees Award ("Tinker Declaration"):

        a.     <u>Exhibit "A"</u>:  Declaration Invoking Settlement Offer Provisions;

        b.     <u>Exhibit "B"</u>: Settlement Offer Letter.

### Basis of Motion

2.     On March 11, 2014 Smith filed with the Court its Declaration Invoking Settlement Offer Provisions [Ex. "A"]. On March 12, 2014, Smith transmitted to counsel for plaintiff via facsimile a Settlement Offer offering to settle plaintiff's claims against Smith for payment by Smith of the total amount of $5,000 [Tinker Declaration ¶ ; Ex. "B"].

3.     This Court entered an Interlocutory Summary Judgment in Smith's behalf on August 18, 2014, dismissing all of plaintiff's claims against Smith.

4.     Pursuant to TRCP 167.2 and Tex. Civ. Pract. & Rem. C. §42.001 *et.seq.*, because plaintiff failed to obtain a judgment against Smith that was at least 80% of the amount offered by Smith in settlement, Smith is entitled to an award of attorney's fees and costs incurred subsequent to the March 26, 2014 deadline for plaintiff to accept the settlement offer.

5.     From March 27, 2014 through the filing of this Motion, counsel for defendant has worked approximately 25 hours and Smith has incurred a total of $8793.97 in costs and expenses during that same time period [Tinker Declaration, ¶ 5]. The reasonable value of the attorney's fees provided by the undersigned to Smith is $8,125.00 [Tinker Declaration, ¶ 4].

6.     Plaintiff received judgment from defendant Muhammed Zaffar in the amount of $49,500.00 Accordingly, pursuant to Tex. Civ. Pract. & Rem. C. §42.004, Smith is entitled to judgment from plaintiff in the amount of $16,918.97.

<u>NOTICE OF SUBMISSION</u>

Please take notice that this Motion will be determined upon submission on or after 8:00 a.m. on Monday, October 13, 2014.

WHEREFORE, BASED UPON THE FOREGOING, defendant Smith Protective Services, Inc. requests that, upon notice and opportunity to be heard, the Court grant this Motion, and grant Smith judgment against plaintiff in the amount of $16,918.97, plus post-judgment interest at the highest rate allowed by law, and such other and further relief, at law or in equity, to which Smith may show itself to be justly entitled.

<u>MOTION FOR ATTORNEY FEES AWARD</u>                       page 2 of 1

Respectfully submitted:

_____

Todd H. Tinker
SBN 20056150
TinkerLaw@TinkerLaw.com

Law Office of Todd H. Tinker, P.C.
P.O. Box 802606
Dallas, Texas 75380

(214) 914-3760 (Phone)
(214) 853-4328 (Fax)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing will be served upon all parties and/or counsel upon whom service is required pursuant to the Texas Rules of Civil Procedure as set forth below on September 25th, 2014.

_____
Todd H. Tinker

Via Email
Patrick G. Hubbard, Esq
phubbard@patrickhubbardlaw.com

Cause No. 2012-56941

| | | |
|---|---|---|
| BRYAN BLACK, | § | IN THE DISTRICT COURT |
| Plaintiff, | | |
| v. | § | |
| | | 189th JUDICIAL DISTRICT |
| MUHAMMAD ZAFFAR and SMITH | § | |
| PROTECTIVE SERVICES, INC. | | |
| Defendants. | § | HARRIS COUNTY, TEXAS |

## DECLARATION OF TODD H. TINKER IN SUPPORT OF MOTION FOR ATTORNEY'S FEES

My name is Todd H. Tinker, my date of birth is June 5, 1962, and my address is PO Box 6447, San Antonio, Texas, 78209. I declare under penalty of perjury that the foregoing is true and correct.

1.      I was licensed to practice law in the State of Texas in November, 1989. I have continuously practiced law in Texas since that time. My practice consists primarily of trying civil cases of various types. In the last 15 years I have tried numerous bench and jury trials involving personal injury, breach of contract, civil RICO, Title VII, and other various tort cases. I have been lead counsel on all of these matters. I have tried cases in both state and federal courts, and have otherwise handled cases in Dallas, Tarrant, Harris, Bexar, Travis, and other counties in Texas. I am familiar with the range of prevailing legal fees being charged by counsel of similar experience in Texas, including in Harris County.

2.      Since 1994 I have been employed as general counsel for Smith Protective Services, Inc. ("Smith"). As such, I am compensated on a monthly retainer basis for my services performed for Smith. From March 26th through the execution of this declaration, this lawsuit was the primary matter on which I performed services for Smith.

DECLARATION OF TODD H. TINKER IN SUPPORT OF MOTION FOR ATTORNEY'S FEES    page 1 of 4

3.      Since March 26, 2014, I have expended significant time and effort representing Smith in this lawsuit.  Among the tasks that I have performed from then until now are the following:

a.      appearing in Fort Worth for the scheduled deposition of Rhianna Galindo, a purported fact witness in this case;

b.      taking the depositions of plaintiff, plaintiff's expert witness, and Officer Lui from the Houston Police Department;

c.      preparing defendant's Third Amended Answer;

d.      conducting legal research into issues to be including in defendant's motions for summary judgment;

e.      preparing defendant's Traditional Motion for Summary Judgment, accompanying affidavits, and proposed order;

f.      preparing defendant's No-Evidence Motion for Summary Judgment;

g.      attending mediation;

h.      preparing the Reply to Plaintiff's Response to Smith's Motion for Summary Judgment;

i.      attending the 7/11/14 hearing on Smith's Traditional Motion for Partial Summary Judgment;

j.      preparing a Second Motion to Dismiss;

k.      preparing an Amended Motion to Strike Plaintiff's Expert Witness;

l.      attending the 8/15/14 hearing on Smith's No-Evidence Motion for Partial Summary Judgment;

m.      research for, preparing and filing a new proceeding in Tarrant County to compel the attendance of Rhianna Galindo for deposition;

n.      preparing a Fourth Amended Answer.

4. I estimate that, excluding travel time, I have expended at least 25 hours on the above-referenced tasks and others not listed for this matter. It is my opinion that, were I compensated by Smith for my representation in this matter at an hourly rate of $325 per hour, which I believe to be a reasonable rate for an attorney of my experience practicing in Harris County, Texas, Smith would have paid me at least $8,125 from March 26, 2014 through the present. This amount is significantly less than Smith has actually paid me for my services during that time period.

5. In addition, Smith has paid directly or reimbursed me the amount of $5,095.10 for court reporting, transcription, and service of documents, notices, and pleadings since March 26, 2014. In addition, Smith has reimbursed me the amount of $3,698.87 for filing fees, postage, travel, lodging, and other expenses incident to and necessary for the services rendered by me for Smith in this matter since March 26, 2014.

6. Accordingly, it is my opinion that a total amount of $16,918.97 represents a reasonable and necessary amount to be adjudged against plaintiff for the fees and expenses incurred by Smith subsequent to plaintiff's rejection of Smith's settlement offer.

7. Attached hereto as Exhibit "A" is a true and accurate copy of the Declaration Invoking Settlement Offer Provisions. Attached hereto as Exhibit "B" is a true and accurate copy of the March 12, 2014 Confidential Settlement Proposal sent to counsel for plaintiff.

Executed in Bexar County, State of Texas, on the 25th day of September, 2014.

Todd H. Tinker, Declarant

| | | |
|---|---|---|
| BRYAN BLACK, | § | IN THE DISTRICT COURT |
| Plaintiff, | | |
| v. | § | |
| | | |
| MUHAMMAD ZAFFAR, SMITH | § | 189th JUDICIAL DISTRICT |
| PROTECTIVE SERVICES, INC., and | | |
| THE OAKS CONDOMINIUM | § | |
| ASSOCIATION, | | |
| Defendants. | § | HARRIS COUNTY, TEXAS |

## DEFENDANT'S DECLARATION INVOKING SETTLEMENT OFFER PROVISIONS

TO THE HONORABLE COURT:

Defendant Smith Protective Services, Inc. ("Smith"), files this declaration invoking the settlement offer provisions of Texas law in the above action, and respectfully shows:

1.    Defendant files this declaration pursuant to Tex. CP&RC § 42.002(c) and TRCP 167.2.

2.    This declaration is made at least 45 days prior to the trial setting of this cause.

Respectfully submitted:

_____
Todd H. Tinker
SBN 20056150

Law Office of Todd H. Tinker, P.C.
P.O. Box 802606
Dallas, Texas  75380

(214) 914-3760 (Phone)
(214) 853-4328 (Fax)
TinkerLaw@TinkerLaw.com

DEFENDANT'S DECLARATION INVOKING SETTLEMENT OFFER PROVISIONS    page 1 of 2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing will be served upon all parties and/or counsel upon whom service is required pursuant to the Texas Rules of Civil Procedure as set forth below on March 11, 2014.

_Todd H. Tinker_ (signature)

Todd H. Tinker

Via Facsimile
(281) 358-7008
Patrick G. Hubbard, Esq

Via Certified Mail,
Return-Receipt Requested

Muhammad Zaffar
15335 Park Row Blvd.
#1903
Houston, TX 77084

LAW OFFICE OF

# TODD H. TINKER, P.C.

P.O. Box 802606                                                    Ph: (214) 914-3760
Dallas, Texas 75380                                               Fax: (214) 853-4328
                                                               *TinkerLaw@TinkerLaw.com*

## Confidential Settlement Proposal

March 12, 2014

<u>Via Facsimile</u>
(281) 358-7008

Patrick G. Hubbard, Esq.
1075 Kingwood Dr.,
Suite 203
Kingwood, TX  77339

RE:     Cause No. 2012-56941; Black v. Zaffar, et.al.

Dear Mr. Hubbard:

This Settlement Offer is made pursuant to TRCP 167 and Ch. 42 of the Tex. Civ. Pract. & Rem. C.

My client, Smith Protective Services, Inc., offers to pay the amount of $5,000.00 in full and final settlement of any and all claims against it by your client Bryan Black.  Acceptance will require a complete release of all claims, an acknowledgment of no liability on Smith's behalf, indemnity against third-party claims, and dismissal of the pending suit with prejudice.  The parties will bear their own respective costs.

This offer will remain open only until 12:00 noon on Thursday, March 26, 2014.

Respectfully,

Todd H. Tinker

NO. 2012-56941

| | | |
|---|---|---|
| BRYAN BLACK<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT |
| V. | §<br>§ | 189TH JUDICIAL DISTRICT |
| MUHAMMAD ZAFFAR, SMITH<br>PROTECTIVE SERVICES, INC. | §<br>§<br>§<br>§<br>§<br>§ | |
| Defendants. | §<br>§ | OF HARRIS COUNTY, TEXAS |

## PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANT, SMITH PROTECTIVE SERVICES, INC. MOTION FOR ATTORNEY FEES AWARD And REQUEST FOR ORAL HEARING/NOT SUBMISSION

**NOW COMES** Bryan Black, Plaintiff in the above-entitled and numbered cause, and files this, his Response in Opposition of the Motion for Attorney Fees Award of Smith Protective Services, Inc. and shows the Court the following:

## I.
### General Statement of Opposition

The basis for Smith Protective Services, Inc.'s Motion for Attorney Fee Award is that Smith made an offer to settle during trial, the settlement offer was not accepted, and Smith prevailed on dismissing the Plaintiff's claims in a summary judgment.

The motion fails as a matter of law for several reasons:

(a) The offer was extended from the original date by a verbal offer, and then withdrawn by way of an e-mail dated July 22, 2014 by stating that "The settlement offer I conveyed after our last hearing will be withdrawn if not accepted by 5pm CST this Friday, July 25th. (Exhibit A). The offer was not accepted by Plaintiff therefore it was withdrawn according to basic contract law.

(b) Rule 167.3(Withdrawal, Acceptance and Rejection of Offer) provides: An offer can be withdrawn before it is accepted. Withdrawal is effective when written notice of the withdrawal is served on the offeree. <u>Once an unaccepted offer has been withdrawn, it cannot be accepted or be the basis for awarding litigation costs under this rule.</u> If the offer cannot be the basis for awarding litigation costs under the rule, then Defendant's motion fails, and Defendant's motion should be denied.

(c) A second reason Defendant's motion should be denied is that Defendant's Motions for Summary Judgment were granted prior to the date the Court called the remainder of this case for trial. Defendant's counsel for Smith Protective Services, Inc., Todd Tinker, failed to appear at docket call when the case was set for trial the following Wednesday at 9:00 a.m., September 10, 2014. The Court heard evidence on a default basis against Muhammad Zaffar, and rendered a default judgment against Zaffar, and also noted that counsel for Smith Protective Services, Inc. did not appear. Defendant could have presented his motion and evidence on attorneys' fees at that time, and had said Smith Protective Services, Inc. appeared, Plaintiff would not have waived a jury, as they would have wanted a jury to decide any claims involving attorney's fees. This Court granted a final judgment and denied any relief not granted at that trial before the bench. A copy of that judgment is attached hereto as Exhibit B.

## II.

In the event the Court does not dismiss Defendant, Smith Protective Services, Inc.'s motion, then Plaintiff desires to invoke their right to a jury trial on the issue of attorneys' fees as a jury fee was paid. "The right to a jury trial is one of our most precious rights, holding a sacred place in English and American history." <u>General Motors Corp. v. Gayle</u>, 951 S.W.2d 469, 476 (Tex. 1997). Under article one, section 15 of the Texas Constitution, "[t]he right to trial by jury

shall remain inviolate" and we closely scrutinize any denial of this important right to a litigant. See Tex Const. art. I, § 15; City of Garland, 969 S.W.2d 548, 558 (Tex. App.—Dallas 1988), aff'd, 22 S.W. 3d 351 (Tex. 2000). The denial of the constitutional right to a jury trial constitutes reversible error. McDaniel v. Yarborough, 898 S.W.2d 251, 253 (Tex. 1995). In that case, the trial court heard evidence of attorneys' fees without a jury present as fact finder and entered judgment on its own finding as to the amount of reasonable and necessary fees in this case. To determine whether the trial court erred by denying the Property Owners their right to a jury trial on the issue of attorneys' fees, the Court must first determine whether the statute authorizing the trial court to award of attorneys' fees permits a jury trial on the issue.

Here, the statute authorizing attorneys' fees is the Rule 167.4 of the Texas Rules of Civil Procedure which provides in pertinent part that: " (a) Generally. If a settlement offer made under this rule is rejected, and the judgment to be awarded on the monetary claims covered by the offer is significantly less favorable to the offeree than was the offer, the court must award the offeror litigation costs against the offeree from the time the offer was rejected to the time of judgment. ." On the face of this provision, it would appear that the trial court, not the jury, determines the amount of attorneys' fees in these actions. However, the Texas Supreme Court has held that, while this statute vests the trial court with the discretion to determine whether to award attorneys' fees, the amount of the attorneys' fees is a question of fact for the jury to decide. City of Garland, 22 S.W3d at 367–68. Accordingly, the Court held that the Property Owners had a right to a jury trial on the issue of the amount of reasonable and necessary attorneys' fees to be awarded.

167.5(c) Hearing required. The court must, upon request, conduct a hearing on a request for an award of litigation costs, at which the affected parties may present evidence. The Plaintiff

would also request an adequate time to do discovery, as it appears that Mr. Tinker has a retainer fee arrangement wherein he is paid a certain fee whether he is engaged in litigation or not, and that could make a difference in the amount of attorneys' fees, if any, to be awarded.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon hearing hereof the Court deny the Motion for Attorney Fees or in the alternative, that the Court set a date for discovery to be completed of at least 60 days, and then a trial date giving the required notice, and that Defendant take nothing, and that Plaintiff have all relief to which he is justly entitled.

Respectfully submitted,

By: _____
Patrick G. Hubbard
Texas Bar No. 10139500
1075 Kingwood Dr, Suite 203
Kingwood, TX 77339
Tel. (281) 358-7035
Fax. (281) 358-7008
Email: phubbard@patrickhubbardlaw.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I certify that on October 2, 2014 a true and correct copy of Plaintiff's Response to Motion for Attorneys' Fees was served in the manner indicated on:

Mr. Todd H. Tinker
Law Office of Todd H. Tinker, P.C.
P. O. Box 802606
Dallas, Texas 75380
By Email: Tinkerlaw@tinkerlaw.com
Attorney for Smith Protective Services, Inc.

Muhammad Zaffar
15335 Park Row Blvd. # 1903
Houston, Texas 77084
By First Class Mail

_____
Patrick G. Hubbard

## FW: Black v Zaffar (confidential settlement communication)

**Patrick Hubbard**

To

Me

Today at 12:54 PM

```
-----Original Message-----
From: Todd Tinker [mailto:tinkerlaw@tinkerlaw.com]
Sent: Tuesday, July 22, 2014 1:13 PM
To: Patrick Hubbard
Subject: Black v Zaffar (confidential settlement communication)
```

Pat,

The settlement offer I conveyed after our last hearing will be withdrawn if not accepted by 5pm CST this Friday, July 25th.

No subsequent offer will be made as I do not believe your client will be able to obtain a judgment against Smith greater than the $20,000 that will be required to prevent an award of fees and costs pursuant to TPRC 42.002 ($15,000 settlement credit for Oaks and $5,000 prior offer of judgment).

Todd Tinker

--

This message may contain privileged attorney-client information. If you are not the intended recipient, please notify the sender and delete this message. Thank you.

Reply, Reply All or Forward | More



P-2

9/19/2014 11 54 00 AM
Chris Daniel - District Clerk Harris County
Envelope No. 2555847
By PAUL SWEENEY

NO. 2012-56941

| | | |
|---|---|---|
| **BRYAN BLACK** Plaintiff, | § § § | IN THE DISTRICT COURT |
| V. | § § | 189TH JUDICIAL DISTRICT |
| **MUHAMMAD ZAFFAR, SMITH PROTECTIVE SERVICES, INC.,** | § § § § § § § | |
| Defendants. | § | OF HARRIS COUNTY, TEXAS |

## FINAL JUDGMENT

A hearing on this cause was held on September 17, 2014. The Plaintiff appeared and announced to the Court that they were ready for trial. Defendant, Muhammad Zaffar, although having filed an answer, failed to appear. Smith Protective Services, Inc. did not appear. The Court approved a trial amendment for intentional tort and punitive damages. The Court determined that Muhammad Zaffar and all other parties had been sent notice of trial, and the trial coordinator called the phone number associated with Defendant's answer, and also advised him of the date and time of trial, and confirmed that the address where Defendant Zaffar had been served was associated with the phone number on the answer. The bailiff called the name of Muhammad Zaffar three times outside the doorway of the courtroom, and there was no response. A jury was waived, and the Court heard testimony from the Plaintiff.

The Court has considered the pleadings and official records on file in this cause, the evidence, and the parties' arguments, and the Court renders the following judgment:

1. On the claim of intentional tort for malicious prosecution, the Court finds in favor of Plaintiff, Bryan Black and against Defendant, Muhammad Zaffar in the amount of actual damages of $29,500.00, and punitive damages of $20,000.00, or a total judgment of $49,500.00

Certified Document Number: 62467531 - Page 1 of 2



EXHIBIT
B

17

Appendix C  647

2.      Plaintiff, Bryan Black is entitled to prejudgment interest on the damages awarded herein, measured from September 27, 2012 to the date of judgment, at the rate of 5% per annum, and post judgment from the date of judgment at the rate of 5% per annum.

3.      Defendant, Smith Protective Services, Inc. was granted a final summary judgment on August 20, 2014 and did not appear.

4       Defendant, Oaks of Woodlake Condominium Association, Inc. was non-suited earlier as a result of an agreed settlement.

5.      All other claims are denied.

7.      Costs are hereby taxed against Defendant, Muhammad Zaffar.

IT IS ORDERED that any party in favor of whom judgment is awarded is entitled to enforce this judgment through abstract, execution and any other process necessary.

All relief not expressly granted herein is DENIED.

SIGNED on ___SEP 2 3 2014___, 2007.

_____
JUDGE PRESIDING

APPROVED AS TO FORM:

_____
Patrick G. Hubbard
Texas Bar No. 10139500
1075 Kingwood Dr, Suite 203
Kingwood, TX 77339
Tel. (281) 358-7035
Fax. (281) 358-7008
Attorney for Plaintiff

Certified Document Number: 62467531 - Page 2 of 2

**18**          **Appendix C** 648



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 2, 2014

Certified Document Number:      62467531 Total Pages: 2

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

Cause No. 2012-56941

| | | |
|---|---|---|
| BRYAN BLACK, | § | IN THE DISTRICT COURT |
| Plaintiff, | | |
| v. | § | |
| | | 189th JUDICIAL DISTRICT |
| MUHAMMAD ZAFFAR and SMITH | § | |
| PROTECTIVE SERVICES, INC. | | |
| Defendants. | § | HARRIS COUNTY, TEXAS |

**REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR ATTORNEY FEES AWARD**

Defendant Smith Protective Services, Inc. ("Smith") files this Reply to Plaintiff's Response to Motion for Attorney Fees Award (the "Reply") and shows as follows:

**Smith Never Extended its Original Statutory Settlement Offer**

1.      Plaintiff attempts to construe an oral settlement proposal made to plaintiff's counsel after the July 11, 2014 hearing on Smith's Tradition Motion for Partial Summary Judgment as an extension of Smith's statutory settlement offer.  Plaintiff is mistaken.

2.      Smith's original settlement offer, by its very terms, expired on March 26, 2014 [Ex. "B" to Motion for Attorney's Fees].  Accordingly, by having expired prior to July 11, 2014, it was not subject to being extended.  Furthermore, the oral settlement offer was not intended to be, nor did it comply with the requirements of a statutory settlement proposal as it was not in writing, and did not state that it was made pursuant to Tex. Civ. Pract. & Rem. C. §42.001, *et.seq.*.[1]

---

[1]      Tex. Civ. Pract. & Rem. C. §42.003

REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR ATTORNEY FEES AWARD          page 1 of 1

**Plaintiff's Waiver of his Right to a Jury Applies to the Reasonableness of Statutory Attorney's Fees**

3.      Plaintiff asserts that, had Smith appeared at the trial date and suggested that it would be pursuing its attorney's fees claim, plaintiff would have elected not to waive his right to a jury.  However, implicit in the statute and the rule, is the fact that a defendant such as Smith, which was dismissed prior to the trial date, cannot know whether it will be entitled to attorney's fees until plaintiff has recovered judgment against any remaining parties.  [TRCP 167.4; Civ. Pract. & Rem. C. §42.004[2]]

4.      Plaintiff, however, knew prior to trial that Smith was asserting a right to recover attorney's fees and, in fact, anticipated it would be so entitled. [Ex. "A" to Plaintiff's Response to Motion for Attorney's Fees] Being on notice of that fact, it was up to plaintiff to take steps to preserve his right to have any remaining issues tried by jury.  He failed to do so.

WHEREFORE, BASED UPON THE FOREGOING, defendant Smith Protective Services, Inc. respectfully prays that, upon notice and opportunity to be heard, the Court grant its Motion for Attorney's Fees, and grant it such other and further relief, at law or in equity, to which it may show itself to be justly entitled.

---

[2]      Award of fees and costs limited to amount awarded to plaintiff.

Respectfully submitted:

_____

Todd H. Tinker
SBN 20056150
TinkerLaw@TinkerLaw.com

Law Office of Todd H. Tinker, P.C.
P.O. Box 802606
Dallas, Texas 75380

(214) 914-3760 (Phone)
(214) 853-4328 (Fax)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing will be served upon all parties and/or counsel upon whom service is required pursuant to the Texas Rules of Civil Procedure as set forth below on October 3rd, 2014.

_____
Todd H. Tinker

Via Email
Patrick G. Hubbard, Esq
phubbard@patrickhubbardlaw.com

Chris Daniel - District Clerk
Harris County
Envelope No: 2702495
By: SWEENEY, PAUL H

NO. 2012-56941

| BRYAN BLACK | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | 189TH JUDICIAL DISTRICT |
| | § | |
| MUHAMMAD ZAFFAR, SMITH | § | |
| PROTECTIVE SERVICES, INC., | § | |
| Defendants. | § | OF HARRIS COUNTY, TEXAS |

## ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEYS' FEES

On this the 3 day of _December_, 2014, came on to be heard Defendant's Motion

for Award of Attorneys' Fees, and the Court, after considering such motion, finds that

Defendant's Motion should in all respects be DENIED.

IT IS THEREFORE, ORDERED by the Court that Defendant's Motion for Attorneys'

Fees against Plaintiff is DENIED.

SIGNED this 3 day of _December_ , 2014.

_____
Judge Presiding

Approved:

By: _____
Patrick G. Hubbard, Attorney for Plaintiff
Texas Bar No. 10139500
1075 Kingwood Dr, Suite 203
Kingwood, TX 77339
Tel. (281) 358-7035
Fax. (281) 358-7008
Email: phubbard@patrickhubbardlaw.com

Respectfully submitted,
LAW OFFICE OF TODD H. TINKER, PC
P.O. Box 802606
Dallas, Texas 75380
(214) 914-3760 (telephone)
(214) 853-4328 (facsimile)


By: _____
TODD H. TINKER
State Bar No. 20056150
TinkerLaw@TinkerLaw.com

ATTORNEY FOR APPELLEE/CROSS-APPELLANT

## CERTIFICATE OF SERVICE

This is to certify that on the 25th day of February, 2015, a true and correct copy of the above and foregoing has been served upon counsel of record via e-file and email as follows:

Via Email
Patrick G. Hubbard, Esq
phubbard@patrickhubbardlaw.com


_____
Todd H. Tinker